IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| REBECCA R. BESSETTE<br>　　　　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br><br>　　　　　Defendant. | CV 23–13–M–DLC<br><br><br>ORDER |

Plaintiff Rebecca R. Bessette brings this action under 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for disability insurance benefits under Title XVI of the Social Security Act ("SSA"). The Court will affirm the Commissioner's decision and dismiss this case because substantial evidence supports the Administrative Law Judge's ("ALJ") findings that Plaintiff is not disabled within the meaning of the SSA.

## BACKGROUND

Plaintiff protectively filed an application for supplemental security income on May 25, 2016, alleging a disability onset date of July 17, 2013.[1] (Doc. 5 at 208.) Plaintiff's claim was denied initially on December 14, 2016, and again upon

---

[1] A claimant "protectively" files an application for benefits when she indicates in writing the intent to claim benefits. The SSA considers the filing date of this written statement the protective filing date. *See* 20 C.F.R. §§ 404.614, 630 (2024).

1

reconsideration on August 15, 2017. (*Id.*) After filing a written request, Plaintiff attended a remote hearing with an ALJ on February 22, 2019. (*Id.*) In a decision issued on March 6, 2019, the ALJ found that Plaintiff was not disabled because she was capable of making a "successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at 219.)

On March 27, 2019, Plaintiff requested Appeals Council review of the ALJ's decision. (*Id.* at 307–08.) On February 17, 2021, the Appeals Council vacated the hearing decision and remanded Plaintiff's case for rehearing to address certain issues. (*Id.* at 227.) In relevant part, the Appeals Council remanded for the ALJ to consider the opinion of Dr. Mark Mozer, a psychologist who examined Plaintiff. (*Id.* at 227–28.) Dr. Mozer found that Plaintiff's depression may have detracted somewhat from more stressful or hectic jobs, but that Plaintiff was likely capable of substantial gainful activity if the work were something "simple and low-key." (*Id.* at 638.) On review, the Appeals Council found that while the ALJ gave significant weight to Dr. Mozer's opinion, the ALJ's residual functioning capacity ("RFC") finding did not incorporate the work limitations Dr. Mozer assigned to Plaintiff. (*Id.* at 228.) Since the ALJ is required to provide a rationale for not adopting a medical source's opinion when the opinion conflicts with the RFC finding, the Appeals Council remanded to the ALJ for further consideration of Dr. Mozer's opinion. (*Id.*)

Following remand, the ALJ issued a decision on February 2, 2022, again finding Plaintiff not disabled because Plaintiff was capable of performing work that existed in significant numbers in the national economy. (*Id.* at 66.) After the ALJ's unfavorable 2022 decision, Plaintiff again requested Appeals Council review. (*See id.* at 7.) The Appeals Council denied this request. (*Id.*) Thereafter, Plaintiff filed the instant action.

## LEGAL STANDARDS

### I. Standard of Review

42 U.S.C. § 405(g) allows limited judicial review of Social Security benefit determinations after the Commissioner, following a hearing, has entered a final decision. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). On review of the Commissioner's decision, the Court may set aside the decision "only if it is not supported by substantial evidence or is based on legal error." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). An ALJ's decision is based on legal error where the ALJ fails to take action ordered by the Appeals Council on remand. *See* 20 C.F.R. § 404.977. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U. S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039. Thus, "[w]here evidence is susceptible to more than one rational interpretation," the Court must uphold the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Court will not reverse an ALJ's decision for harmless error. *Id.*

## II. Disability Determination

To qualify for disability benefits under the SSA, a claimant bears the burden of proving that (1) they suffer from a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of twelve months or more; and (2) the impairment renders the claimant incapable of performing past relevant work or any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(1)(A)–(2)(A).

In determining whether a claimant qualifies as disabled under the SSA, the ALJ follows a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. In steps one through four, the claimant bears the burden of establishing disability. *Burch*, 400 F.3d at 679. If she meets this burden, the burden of proof shifts to the Commissioner in step five. *Id.*

In step one of the evaluation, the ALJ determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

4

416.920(a)(4)(i). If the claimant is engaged in such activity, they are not disabled within the meaning of the SSA. *Id.*

In step two, the ALJ determines whether the claimant has any impairments—singly or in combination—that qualify as severe under the applicable regulations and have lasted or are expected to last at least twelve (12) months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments qualifies as severe if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the ALJ finds that the claimant does not have a severe impairment, the claimant is not disabled within the meaning of the SSA. *Id.* If the claimant has a severe impairment, the ALJ proceeds to step three.

In step three, the ALJ compares the claimant's impairments to the listings found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R.§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments meet or equal the criteria of a listed impairment, then the claimant is considered disabled. *Id.* If the claimant's impairments do not, the ALJ proceeds to step four.

If the evaluation continues beyond step three, the ALJ must assess the claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant's RFC is an assessment of the work-related physical and mental activities the claimant can still

do despite her limitations and related symptoms.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the ALJ determines whether the claimant retains the RFC to perform her past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant establishes an inability to engage in past work, the burden shifts to the Commissioner at step five to establish that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R.§§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  The Commissioner can satisfy this burden through the testimony of a vocational expert or by referring to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## DISCUSSION

Plaintiff's argument before this Court is that the ALJ failed—as ordered by the Appeals Council—to properly evaluate the opinion of Dr. Mozer.  (Doc. 7 at 5.) Plaintiff argues that the ALJ's reevaluation of Dr. Mozer's opinion constitutes legal error warranting remand.  (*Id.*)  Because the Court finds that the ALJ's reexamination of Dr. Mozer's opinion comports with the Appeals Council's

remand order, is free of legal error, and is supported by substantial evidence, the Court affirms the ALJ's decision.

When an ALJ rejects the opinion of an examining physician, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  However, less substantial evidence is required "to reject an examining physician's opinion than to reject [a] treating physician's opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).[2]  If an ALJ rejects a treating physician's opinion because it conflicts with the claimant's activity level, the ALJ's reason for rejecting the opinion qualifies as sufficiently specific and legitimate.  *Id.*

The ALJ followed the five-step sequential evaluation process to evaluate whether Plaintiff was disabled under the SSA.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 25, 2016, the date of Plaintiff's benefits application.  (Doc. 5 at 49.)  At step two, the ALJ found that Plaintiff had the following severe impairments: (1) morbid obesity; (2) chronic obstructive pulmonary disease (COPD); (3) bursitis in the bilateral hips; and (4) hidradenitis suppurativa.  (*Id.*)  In considering Plaintiff's other alleged physical

---

[2] In 2017, the SSA issued new regulations changing how ALJs evaluate medical opinions for claims filed on or after March 27, 2017.  *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) (citing 20 C.F.R. § 416.920c).  For claims filed before March 27, 2017, the previous regulations apply, which assigned greater weight to the opinion of a treating medical source than the opinion of an examining source.  20 C.F.R. § 416.927.  Because Plaintiff filed her claim for benefits on May 25, 2016—before the cutoff date in the new regulations—the previous regulations requiring a hierarchy between medical opinions apply.  *See Cross*, 89 F.4th at 1214.

impairments, the ALJ found Plaintiff's left wrist sprain, hyperlipidemia, hypertension, diabetes mellitus with neuropathy, painful calluses and nails, right shoulder tendinopathy, mild AC joint degenerative changes, left ulnar nerve compression status post transposition of the left elbow, irritable bowel syndrome, gastroesophageal reflux disease, degenerative disc disease of the spine, and tachycardia conditions were non-severe. (*Id*.)

Plaintiff's argument before the Court hinges on the ALJ's evaluation of a medical source's opinion as to Plaintiff's mental limitations at step two. (*See* Doc. 7 at 5.) Specifically, Plaintiff argues that the ALJ's analysis constituted legal error because the ALJ failed to properly evaluate the opinion of Dr. Mozer in accordance with the Appeals Council's remand order. (*Id.* at 10–11.) As Plaintiff's alleges that the ALJ erred at step two, the Court reprises the ALJ's analysis at step two in greater depth. (*See id.*)

At step two, the ALJ first observed that, in early 2018, Plaintiff reported that her depression and anxiety symptoms were worsening. (Doc. 5 at 53.) But, in July through September 2018, the record reflected that Plaintiff had only slight depression and was "doing pretty well overall." (*Id.*) The ALJ reviewed Dr. Mozer's 2016 consultative examination and decided to give Dr. Mozer's opinion some weight. (*Id.* at 54.) The ALJ noted Dr. Mozer's observations that Plaintiff did household chores, cooked, readied her child for school in the morning, and

8

socialized with her mother. (*Id.* at 53–54.) The ALJ also observed Dr. Mozer's conclusion that Plaintiff was likely capable of substantial gainful activity in a simple and low-stress job because Plaintiff's mental health conditions were not severe at the time. (*Id.* at 54.) The ALJ wrote that Dr. Mozer discussed the possibility that Plaintiff had below average intelligence, but Dr. Mozer did not conduct formal intelligence testing. (*Id.*) Ultimately, the ALJ found that Dr. Mozer's opinion supported the finding that Plaintiff did not have a mental health condition that was severe. (*Id.*) Nevertheless, the ALJ gave Plaintiff the benefit of the doubt and included limitations in Plaintiff's ability to understand, remember, and carry out simple, detailed, and complex tasks. (*Id.*)

The ALJ then turned to another consultative psychological examination from April 2021 by Dr. Susan Day. (*Id.*) Considering Dr. Day's examination, the ALJ observed that Plaintiff showed no evidence of concentration, attention, or memory impairments. (*Id.*) In conflict with Dr. Mozer's opinion, Dr. Day's examination reported that Plaintiff had average intelligence. (*Id.*) However, Dr. Day found that Plaintiff would "likely have difficulty engaging in work-related activity" and that Plaintiff would need vocational rehabilitation assistance to succeed in employment. (*Id.* at 55.) When compared with the record as a whole and with Dr. Day's largely normal mental status examination, the ALJ found Dr. Day's opinion to be

unsupported. (*Id.*) Given its lack of support, the ALJ assigned Dr. Day's opinion minimal weight. (*Id.*)

Finally, the ALJ reviewed a letter from Plaintiff's treatment provider, Melanie Trost, Ph.D., which outlined Plaintiff's treatment history and mental health history. (*Id.*) While the letter from Dr. Trost described Plaintiff's treatment for depression, the ALJ found that the letter "did not contain a formal opinion on the claimant's functional abilities and limitations." (*Id.*) Without a formal opinion on Plaintiff's abilities and limitations, the ALJ afforded the letter from Dr. Trost limited weight. (*Id.*)

In view of Plaintiff's testimony and the evidence from treatment providers and consultative examiners, the ALJ concluded that Plaintiff's mental health conditions were non-severe. (*Id.* at 56.) Particularly, the ALJ noted that Plaintiff did not demonstrate memory deficits nor difficulty in answering questions and demonstrating her abilities. (*Id.* at 55.) Further, the ALJ found that Plaintiff's testimony regarding her social limitations was contradictory and supported a finding of only a mild social limitation. (*Id.* at 55–56.) Lastly, the ALJ found that Plaintiff did not have difficulty with concentration, adaptation, or self-management. (*Id.* at 56.) In sum, the ALJ found that Plaintiff's mental health conditions were non-severe and assigned Plaintiff only mild limitations in the four broad areas of mental functioning. (*Id.*)

Plaintiff's argument before the Court is that the ALJ committed legal error in issuing a decision that did not properly re-examine Dr. Mozer's testimony in accordance with the Appeals Council's remand order.  (*See* Doc. 7 at 7–9.)  The Appeals Council remanded in part because, though the ALJ assigned Dr. Mozer's opinion significant weight, the ALJ did not incorporate the work limitations Dr. Mozer assigned Plaintiff into the RFC finding.  (Doc. 5 at 228.)  Here, Plaintiff argues that between the 2019 and 2022 decisions, the ALJ merely changed the weight assigned to Dr. Mozer's opinion from "significant" to "some." (Doc. 7 at 9.)  In addition, Plaintiff argues that because Dr. Mozer's opinion and the RFC finding conflict, the ALJ was obligated to provide a rationale for rejecting Dr. Mozer's opinion, which the ALJ did not do.  (*Id.* at 8–9.)

However, the Court finds that the ALJ made significant changes in the 2022 decision which addressed the Appeals Council's remand order and provided substantial evidence for the ALJ's conclusion that Plaintiff's mental impairments are non-severe.  On remand, the ALJ rejected Dr. Mozer's opinion that Plaintiff may have below average intelligence.  (Doc. 5 at 54.)  To reject Dr. Mozer's opinion on Plaintiff's intelligence, the ALJ relied on Dr. Day's mental status examination and Plaintiff's abilities at the hearing.  (*Id.* at 55.)  The conflict between the ALJ's own observations, Dr. Day's opinion, and Dr. Mozer's opinion

are "specific and legitimate reasons supported by substantial evidence" to reject Dr. Mozer's opinion about Plaintiff's intelligence. *Lester*, 81 F.3d at 830–31.

Additionally, as required by the Appeals Council order, the ALJ provided rationale for not adopting Dr. Mozer's opinion into the RFC finding. (Doc. 5 at 55–56.) Primarily, the ALJ's rationale relied on Plaintiff's own testimony about her activity levels. (*See id.*) In assessing Plaintiff's testimony, the ALJ wrote:

> The claimant has alleged that she has difficulty being around others, such as when she goes to the store she has to have someone with her and she indicated that she is very uncomfortable when she is out publicly. However, the claimant's allegations are not supported by the overall evidence of record. The claimant regularly interacts with her family and helps to not only watch her kids, but her children's kids. The claimant reported in her function report that she talks to a friend every day on the telephone. The claimant also reported that she talks on the phone and watches television. The claimant reported that she enjoys spending time with her family. She indicated in her function report that she goes shopping regularly. Her hobbies include playing cards, going to the movies, and being with her granddaughter. The evidence suggests that the claimant has only mild difficulty socially. The claimant has made consistent pain complaints and some limited mental health complaints that would reasonably be expected to interfere with the claimant's ability to concentrate, persist, and maintain pace, but only to a mild degree. There were no references in the record to the claimant having any difficulty with concentration during her mental status examinations. Finally, the medical record does not support a finding that the claimant has any difficulty adapting or managing herself. She appears to be able to manage most of her own activities of daily living, and even acts as a caregiver to young children. . . . The claimant has reported that her psychotropic medications are helpful for her mental health condition. The evidence clearly supports a finding that the claimant's alleged mental health conditions are non-severe.

(*Id.* at 55–56.) Despite Dr. Mozer's opinion that Plaintiff should be restricted to "simple and low-key" work, the ALJ found that the record and Plaintiff's

12

testimony did not support the work limitations Dr. Mozer assigned to Plaintiff. (*Id.* at 54–56.) Here, the ALJ pointed to the conflict between Dr. Mozer's limitations and the Plaintiff's activity level, thereby providing a specific and legitimate reason for rejecting the medical opinion. *Ford*, 950 F.3d at 1155. When the ALJ rejects an examining physician's opinion, less substantial evidence is required of the ALJ than in rejecting a treating physician's opinion. *Id.* In this instance, the ALJ still provided substantial evidence—primarily Plaintiff's testimony as to her activity level—supporting the ALJ's conclusion that Dr. Mozer's limitations should not be incorporated into the RFC assessment. (Doc. 5 at 55–56.) Because the ALJ applied the correct legal standards at step two, and provided substantial evidence for the weight assigned to Dr. Mozer's opinion, the Court must affirm the Commissioner's decision. *See Treichler*, 775 F.3d at 1098.

Turning to step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 5 at 56.) At step four, the ALJ assessed Plaintiff's RFC and found she could perform light work with the following limitations:

> She can lift, carry, push, and pull 10 pounds frequently and 20 pounds occasionally. She can walk and/or stand for about 6 hours in an 8 hour workday with normal work breaks. She can sit for about 6 hours in an 8-hour workday with normal work breaks. She should not have to raise her right upper extremity over shoulder level. She can frequently climb ramps and stairs, as well as balance, stoop, kneel, and crouch. She can occasionally crawl

and climb ladders, ropes, and scaffolds. She should avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation, but can tolerate a typical office or retail setting. She must avoid concentrated exposure to extreme cold and heat, as well as hazards such as dangerous machinery and unprotected heights. Normal work breaks are defined as occurring every 2 hours with 2 breaks lasting at least 10 minutes and 1 break lasting at least 30 minutes. She can understand, remember, and carry out simple, detailed, and complex tasks. She can maintain attention, concentration, persistence, and pace for such tasks for 8-hour workdays and 40-hour workweeks. She can tolerate interaction with supervisors, coworkers, and the public. She can tolerate usual work situations. She can tolerate changes in routine work settings.

(*Id*. at 57.)  The ALJ also found that Plaintiff's statements concerning her impairments were not entirely consistent with the medical evidence and her own activities.  (*Id.* at 59.)  Rather than rely on Plaintiff's inconsistent statements, the ALJ placed significant weight on physical and psychological consultants' opinions at step four.  (*See id.* at 64.)

At step five, the ALJ found that Plaintiff was capable of performing her past relevant work as a daycare worker and that the activities associated with this job were not precluded by the ALJ's RFC finding. (*Id* at 64.)  At the hearing, the vocational expert testified that an individual with Plaintiff's age, education, work experience, and RFC would be capable of performing the requirements of occupations such as mail clerk (122,080 in the national economy), office helper (10,445 in the national economy), and cashier (534,200 in the national economy). (*Id.* at 65.)  Accordingly, because Plaintiff was capable of making a successful

adjustment to other work that exists in significant numbers in the national economy, the ALJ found that Plaintiff was not disabled. (*Id.* at 66.)

## CONCLUSION

Since Plaintiff's arguments before the Court focus on the ALJ's analysis at step two, the Court primarily addresses the ALJ's analysis at this step. However, the ALJ applied the correct legal standards and relied on substantial evidence throughout the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. The Court affirms the Commissioner's decision because the ALJ did not commit legal error and supported the analysis with substantial evidence. *See Treichler*, 775 F.3d at 1098.

Accordingly, IT IS ORDERED that the Commissioner's decision is AFFIRMED, and this case is DISMISSED. The Clerk of Court shall close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 22nd day of April, 2024.

Dana L. Christensen, District Judge
United States District Court